Raymond STONE, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9911–CR–780.

Court of Appeals of Indiana.

April 17, 2000.

**34**

Michael R. Fisher, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Timothy Beam, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION**

KIRSCH, Judge

Raymond Stone appeals his convictions for two counts of dealing in cocaine,[1] as Class A felonies and possession of cocaine,[2] as a Class D felony. On appeal, Stone raises the following dispositive issue for our review, which we restate as: whether the sentence imposed by the trial court was based upon improper aggravating circumstances.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On January 12, 1998, a confidential informant (CI) working for the Indianapolis Police Department conducted a controlled buy of cocaine from Stone. The CI purchased 2.59 grams of cocaine from Stone. The location of the drug buy was within 1,000 feet of Indiana Public School 110. Another controlled buy occurred on January 15, 1998, at which time Stone sold approximately 3.4 grams of base cocaine and 3.4 grams of powder cocaine to the CI. The location of this purchase was also within 1,000 feet of the same school. Stone was arrested on February 2, 1998. At the time of the arrest, Stone was found to be in possession of 1.9 grams of base cocaine.

A jury trial was held on July 21, 1999. Stone was found guilty and judgment entered upon the three counts. At the subsequent sentencing hearing, the trial court identified several aggravating circumstances and one mitigating circumstance. Based upon the aggravators, the trial court enhanced the presumptive sentence of thirty years by twenty years and sentenced Stone to fifty years on each of the dealing counts, to be served concurrently. The trial court sentenced Stone to three years for the possession count to be served

---

1. *See* IC 35–48–4–1.

2. *See* IC 35–48–4–6.

concurrently with the dealing convictions. He now appeals.

## DISCUSSION AND DECISION

Stone contends that the trial court relied upon improper statutory aggravators to enhance his sentence. He argues that the aggravating circumstances identified by the trial court were inappropriately considered and that the imposition of the maximum sentence is manifestly unreasonable. We agree with Stone that the trial court relied upon improper aggravating circumstances. Because we find this issue dispositive, we do not reach the manifestly unreasonable issue.

 Trial courts have broad discretion in imposing a sentence, and this court will reverse only if there is an abuse of that discretion. *Casey v. State,* 689 N.E.2d 465, 469 (Ind.Ct.App.1997). The trial court's sentencing discretion includes determining which aggravating and mitigating circumstances to consider in sentencing, and the weight to accord each of these factors. *Allen v. State,* 719 N.E.2d 815, 817 (Ind.Ct.App.1999), *trans. denied* (2000). It is within the sentencing court's discretion to determine whether a sentence should be enhanced based upon legitimate aggravating factors. *Carlson v. State,* 716 N.E.2d 469, 471 (Ind.Ct.App.1999). Only one valid aggravating circumstance is required to be found by the trial court in enhancing a presumptive sentence. *Sherwood v. State,* 702 N.E.2d 694, 699 (Ind. 1998). Yet, when an appellate court cannot reach the conclusion that the sentencing decision by the trial court would have been the same had it not relied upon impermissible factors, then we will remand for a new sentence or revise the sentence on appeal. *Angleton v. State,* 686 N.E.2d 803, 815 (Ind.1997) (quoting *Day v. State,* 560 N.E.2d 641, 642 (Ind.1990)).

Our review of the sentencing statement in the present case reveals that the trial court identified five aggravating circumstances and one mitigating circumstance when imposing the enhanced sentence.

"Well, court having heard the evidence, arguments of counsel, review of the presentence report, review of its file the court will note that there are aggravating factors in this matter that the defendant has a history of criminal and delinquent activity. Significantly he's had one (1), two (2), three (3) arrest [sic] for Theft however no findings of guilty on any of those cases. One (1) arrest for Possession of Marijuana again no find [sic] of guilty and then a traffic offense prior to the current offenses. Court will also note for the record that while inherit [sic] in the enhancement in these cases that it was dealt within a thousand feet of a school. Court will note that this location was a choice of Mr. Stone that during the conversations Mr. Stone will [sic] tell the confidential informant that they should meet across the street from the school and then they carried out their drug transactions across the.. from the school during the middle of the day while school was in session. And that one of the cases involved a dealing greater than three (3) grams which is a Class A felony within itself without any enhancement for the school. And that the other one included a dealing with more than three (3) grams without an enhancement for the school the only enhancements only [sic] pertained to the possession counts. Court also finds as an enhancement that the defendant had a notice [sic] supply of cocaine approximately three (3) ounces of cocaine that he kept at his mother's house along with six thousand ($6,000) dollars in cash although he is not employed, which goes to indicate to me that he was involved in substantial drug dealing at the time. Court also finds has [sic] an enhancement that the defendant was in possession of gun [sic] although he had a permit for that gun he was carrying a gun while carrying cocaine and a large sum of cash and the legislature seem fit recently to make that a special crime although it was not

at the time of this thing. Court finds a mitigating factor in line with the presentence report that it would be an undue hardship on his dependents. Court would note that Mr. Stone has just recently had a child and would be undue hardship for him to be sentenced to a prison term for that child however the court would note that the child was conceived while this case was pending, so he knew what was going on when that happened. In view of that on Count III, sentence is enhanced to fifty (50) years at the Department of Corrections that time to be executed. Count V, fifty (50) years Department of Corrections that time to be executed to be served concurrent. Count VII, three (3) years that time to [sic] executed at the Department of Corrections to be served concurrent for a total sentence of fifty (50) years."

*Record* at 395–97.

■ Based upon the foregoing sentencing statement, we hold that each of the aggravating circumstances cited by the trial court were inappropriately used to enhance the presumptive sentence. Each of these, in turn, will be discussed below.

The trial court first found Stone's prior arrest record as an aggravating circumstance. The court considered the fact that Stone had previous arrests as part of his prior criminal history. The Record reveals that each of these arrests resulted in a dismissal and that Stone had no prior convictions. In *Tunstill v. State*, 568 N.E.2d 539 (Ind.1991), our supreme court addressed the issue of a sentencing court considering a defendant's prior arrests as the basis for finding his criminal history an aggravating circumstance. The court held that the trial court erred in considering the defendant's prior arrests as instances of criminal activity forming the basis of a history of criminal activity. *Id.* at 544. The court stated:

"A record of arrest, *without more*, does not establish the historical fact that the defendant committed a criminal offense on a previous occasion such that it may be properly considered as evidence that the defendant has a history of criminal activity. In order to enhance a criminal sentence based, in whole or in part, on the defendant's history of criminal activity, a sentencing court must find instances of specific criminal conduct shown by probative evidence to be attributable to the defendant. *A bare record of arrest will not suffice to meet this standard.*"

*Id.* (emphasis added). The court went on to note that the fact a defendant has engaged in criminal activity so as to constitute the aggravating circumstance of a criminal history may be established by proof of conviction of another crime or by admission from the defendant. *Id.* Yet, the "substance of the aggravator, 'history of criminal activity,' is the fact that the defendant committed the other crime, not that he was arrested for it." *Id.* The court further noted that an extensive arrest record may be considered by the court, but cautioned that such information must be placed "in the proper context when considering it and determining its relative weight." *Id.* at 545. Finally, the court determined that a history of arrests might be relevant in the sentencing court's assessment of the defendant's character and risk of commission of future crime. *Id.* In this light, the court stated:

"While a record of arrests does not establish the historical act of prior criminal behavior, such a record does reveal to the court that subsequent antisocial behavior on the part of the defendant has not been deterred even after having been subject to the police authority of the State and made aware of its oversight of the activities of its citizens."

*Id.* In conclusion, the court found that the sentencing court erred in inferring that the defendant actually committed the crimes for which he was arrested. *Id.*

■ We are also guided by Judge Sullivan's dissent in *Adkins v. State*, 703 N.E.2d 182, 189 (Ind.Ct.App.1998). Judge Sullivan disagreed with "the implication

that the mere fact of an arrest demonstrates that the defendant is likely to commit crimes in the future." *Id.* He further found "it incompatible with the holding of *Tunstill,* to conclude that a mere prior arrest, without some evidence that criminal activity was, in fact, involved, reflects adversely upon a defendant's character and permits an inference that he is likely to commit crimes in the future." *Id.* We agree with Judge Sullivan. Therefore, based upon both cases, we conclude that the trial court improperly considered the fact that Stone had previous arrests as prior criminal history sufficient to constitute a valid sentence aggravator. The Record reveals that Stone had no actual convictions. Moreover, no evidence established that criminal activity was actually involved. The trial court erroneously inferred that Stone committed these crimes, and thus that he had a criminal history.

■ The second factor relied upon by the sentencing court to enhance the sentence was dealing cocaine within 1,000 feet of a school. While the sentencing court may appropriately consider the particularized circumstances of the criminal act as aggravating circumstances, a fact that comprises a material element of the offense may not also constitute an aggravating circumstance to support an enhanced sentence. *Shackelford v. State,* 622 N.E.2d 1340, 1346 (Ind.Ct.App.1993); *Stewart v. State,* 531 N.E.2d 1146, 1150 (Ind.1988). Here, the trial court erred in using a factor constituting a material element of the charged offense as an aggravating circumstance. Based upon the sentencing statement, the trial court improperly considered the fact that both instances of dealing cocaine occurred within 1,000 feet of a school. Stone was charged with and convicted of two counts of dealing cocaine as a Class A felony due to the location of the school. Because the proximity of the school was part of the felony charged, it cannot support the enhanced sentence. Therefore, the use of this aggravating factor was improper. *See Ed-*

*gecomb v. State,* 673 N.E.2d 1185, 1198 (Ind.1996); *Green v. State,* 424 N.E.2d 1014 (Ind.1981).

■ It also appears that the trial court improperly relied upon the fact that one of the offenses involved greater than three grams of cocaine. In the amended information, the first count of dealing cocaine alleged both that the crime occurred within 1,000 feet of a school and that an amount greater than three grams was delivered. The second count of dealing cocaine alleged only that it occurred within 1,000 feet of a school. Thus, the sentencing court apparently confused the two charges in stating that one offense did not involve an enhancement based upon the proximity of the school. Both charged offenses involved this element and only one involved an amount of cocaine in excess of three grams. In any event, the sentencing court may not rely upon a material element of the offense to enhance a sentence. Consequently, the court could not rely upon the greater than three grams element again as a basis for enhancing the sentence. The trial court, therefore, erred in doing so.

■ The fourth aggravating circumstance relied upon by the trial court was that Stone was involved in "substantial drug dealing." The trial court seemingly concluded this from the fact that police seized three ounces of cocaine and $6,000.00 from a room in which Stone was staying at his mother's house. The State argues that this goes to the "nature and circumstances" of the crime. We disagree. The possession of this cocaine apparently formed the basis for two charges that were filed under the original information. These charges were subsequently dismissed and an amended information was filed prior to trial, which excluded the charges. This circumstance actually relates to the "nature and circumstances" of an entirely separate crime, which was never established. Thus, we do not believe that the sentencing court was justified in relying upon this to enhance the sentence.

*See Carlson,* 716 N.E.2d at 472 (sentencing court should not have considered evidence of the large amount of cocaine found in defendant's possession after charge dismissed). Further, we agree with Stone that the apparent inference of drug dealing based upon the large amount of cash is entitled to no weight as an aggravating circumstance because Stone was already convicted of two counts of dealing cocaine as a Class A felony. These offenses had already been enhanced by two levels to the most serious Class A level. Therefore, the trial court improperly relied upon the inference of substantial drug dealing to enhance the sentence.

 Finally, the sentencing court found that Stone's possession of a gun, albeit with a valid permit, amounted to a circumstance justifying enhancement of his sentence. Again, we disagree. The sentencing court stated that carrying a gun while carrying cocaine is now a "special crime," but it was not at the time of these incidents. Without even discussing the potential ex post facto issue raised by this statement, we simply cannot understand how this circumstance provides a reasonable basis for enhancing Stone's sentence. Stone had a permit to carry the weapon and the crimes charged did not involve any violence. Therefore, we hold that the court improperly considered this as an aggravating circumstance.

Ultimately, our review indicates that no valid aggravators were articulated by the sentencing court. As a result, the imposition of the enhanced sentence was not justified. We therefore, reverse and remand for resentencing consistent with this decision.

Reversed and remanded.

BAKER, J., and RILEY, J., concur.