Billy BLIXT, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 67A01–0704–CR–155.

Court of Appeals of Indiana.

Aug. 21, 2007.

John D. Fierek, Voyles, Zahn, Paul, Hogan & Merriman, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Arthur Thaddeus Perry, Special Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant Billy Blixt ("Blixt") appeals the six-year sentence imposed following his plea of guilty to Sexual

Misconduct with a Minor, a Class C felony.[1] We affirm.

## Issues

Blixt presents five issues for review, which we consolidate and restate as the following three issues:

I. Whether the trial court abused its discretion in its finding of aggravating and mitigating circumstances;

II. Whether the sentence is inappropriate; and

III. Whether the restitution order is erroneous.

## Facts and Procedural History

On September 5, 2005, Louis and Mary Rouse of Whiteland, Indiana reported that their fifteen-year-old daughter K.R. was "a runaway." (App.69.) Blixt, then age forty-six, had driven to Whiteland and picked up K.R. in his vehicle. Blixt took K.R. to a mobile home located at Van Bibber Lake in Putnam County. K.R. and Blixt were together until September 10, 2005.

After K.R. and Blixt were located and Blixt was arrested, K.R. advised police officers that she and Blixt had met online and she accompanied him to his house and to his sister's trailer. According to K.R., during the four or five days that she and Blixt were at the trailer, they engaged in oral sex and fondling. K.R. reported that Blixt claimed to be twenty-six years old.

Blixt gave a statement to Whiteland Police Officer Jason Davis in which Blixt admitted to talking with K.R. "via the internet and telephone" and later engaging in "heavy petting" with K.R. (App.70.)

On December 16, 2005, the State charged Blixt with Sexual Misconduct with a Minor, as a Class B felony, and Child Solicitation, as a Class C felony.[2] Blixt was released after he posted a cash bond of $10,000.00 plus a surety bond of $20,000.00. On December 12, 2006, Blixt pled guilty to Sexual Misconduct with a Minor, as a Class C felony, and the Child Solicitation charge was dismissed. Sentencing was left to the trial court's discretion.

On February 23, 2007, the trial court sentenced Blixt to six years imprisonment, with two years suspended to probation. Blixt was ordered to pay restitution in the amount of $5,935.47. It was to be derived from his cash bond. Blixt now appeals.

## Discussion and Decision

### I. Aggravators and Mitigators

In its sentencing statement, the trial court found as aggravating circumstances: Blixt's position of control over K.R., that Blixt communicated with K.R. via the internet, and that Blixt lied to K.R. about his age. In mitigation, the trial court found that Blixt had no criminal history and had pled guilty.

Blixt claims that certain aggravators recognized by the trial court were not supported by the record or were invalid. More specifically, he claims there is a lack of evidence that he exerted control over K.R., that he communicated with her via the internet, and that he lied about his age. He also contends that his age is a material element of the offense and may not comprise an aggravator. Further, he argues that the trial court ignored mitigating evidence of restitution to the victim.

In *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind.2007), our Supreme Court determined that trial courts are required to enter sentencing statements whenever imposing sentence for a felony offense. The statement must include a

1. Ind.Code § 35–42–4–9.

2. Ind.Code § 35–42–4–6(c)(3).

reasonably detailed recitation of the trial court's reasons for imposing a particular sentence. *Id.* If the recitation includes the finding of aggravating or mitigating circumstances, then the statement must identify all significant mitigating and aggravating circumstances and explain why each circumstance has been determined to be mitigating or aggravating. *Id.* So long as it is within the statutory range, a sentencing decision is subject to review on appeal for an abuse of discretion. *Id.* One way in which a trial court may abuse its discretion is to fail to enter a sentencing statement at all. *Id.* Another is to enter a sentencing statement that explains reasons for imposing a sentence and the record does not support the reasons, the statement omits reasons clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. *Id.* at 490–91.

■ Here, the record supported the trial court's reasons for imposing the sentence selected. At the guilty plea hearing, Blixt admitted that he picked K.R. up in his vehicle and transported her to a mobile home in Putnam County. Other evidence indicated that Blixt kept K.R. with him for several days. As such, there is evidence that Blixt was in a position of control over K.R. K.R.'s statement to police, summarized in the Probable Cause Affidavit that was before the trial court at sentencing, revealed that she and Blixt "met online" and Blixt claimed to be twenty-six. Whiteland Police Officer Christopher Mattison testified that a computer was located in Blixt's vehicle. The contents included "over two hundred e-mails and or instant messages between Mr. Blixt and [K.R.]." (Tr. 34.) As such, the record supports the findings that Blixt communicated with his victim via the internet, and misled her as to his age.

■ Blixt claims that his age is wholly irrelevant to sentencing once it had been established that he was over the age of eighteen. As Blixt observes, a fact that comprises a material element of the offense may not also constitute an aggravating circumstance to support an enhanced sentence. *Stone v. State,* 727 N.E.2d 33, 37 (Ind.Ct.App.2000). However, a trial court may properly consider the particularized circumstances of the material elements of the crime. *Id.* Nevertheless, the trial court did not rely upon Blixt's age as an aggravator, but the circumstance that he lied about his age to entice his victim into sexual activity.

Blixt contends that the trial court should have specifically recognized restitution as a mitigating circumstance. Indiana Code Section 35–38–1–7.1(b)(9) provides that a court may consider as a mitigating circumstance that "the person has made or will make restitution to the victim of the crime for the injury, damage, or loss sustained." At his sentencing hearing, Blixt did not present evidence that he had made restitution or voluntarily offered to make restitution. Nor did he argue that, in the event that the trial court would order restitution, the order should be considered in mitigation of his sentence. The trial court was not required to sua sponte recognize a mitigating circumstance not advanced by Blixt. *See Samaniego–Hernandez v. State,* 839 N.E.2d 798, 806 (Ind.Ct.App. 2005) (holding that a defendant who fails to raise a proposed sentencing mitigator at the trial court level is precluded from advancing the mitigator for the first time on appeal).

Blixt has demonstrated no abuse of discretion in the trial court's identification of aggravating and mitigating circumstances.

### II. Appropriateness of the Six–Year Sentence

■ The advisory sentence for a Class C felony is four years. *See* Ind.Code

§ 35–50–2–6. Blixt requests that we reduce his six-year sentence in accordance with Indiana Appellate Rule 7(B), which provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In particular, Blixt emphasizes that his good character is evidenced by his lack of criminal history and his decision to plead guilty.

The character of the offender is such that he had led a law-abiding life for forty-six years. We agree with Blixt that evidence of his complete lack of criminal history is significant mitigating evidence. *Merlington v. State*, 814 N.E.2d 269, 272 (Ind.2004).

■ Blixt also decided to plead guilty, which spared the victim from testifying at trial. A guilty plea demonstrates a defendant's acceptance of responsibility for the crime and at least partially confirms the mitigating evidence regarding his character. *Cotto v. State*, 829 N.E.2d 520, 525 (Ind.2005). Indiana courts have recognized that a defendant who pleads guilty deserves to have mitigating weight extended to the guilty plea in return, but it is not automatically a significant mitigating factor. *Davis v. State*, 851 N.E.2d 1264, 1268 n. 5 (Ind.Ct.App.2006), *trans. denied.* Here, Blixt already received a significant benefit in exchange for his guilty plea, because the Class B felony charge of Sexual Misconduct with a Minor was reduced to a Class C felony, and the charge of Child Solicitation was dismissed.

The nature of the offense is that Blixt groomed his victim through internet contact. He picked up K.R. in his vehicle on September 5, 2005. Blixt removed K.R. from Johnson County and kept her in Putnam County until he was apprehended several days later.

In sum, the character of the offender is such that leniency is appropriate. The nature of the offense suggests otherwise, as Blixt had control over K.R. for several days, much longer than the time necessary to accomplish the standard crime of Sexual Misconduct with a Minor. Blixt has not persuaded us that his six-year sentence, with two years suspended to probation, is inappropriate.

### III. Restitution Order

■ Pursuant to Indiana Code Section 35–50–5–3, a trial court may order restitution to a victim of a crime. A restitution order will be reviewed for an abuse of discretion. *Crawford v. State*, 770 N.E.2d 775, 781 (Ind.2002). Blixt challenges the order for restitution entered against him in two respects. First, he claims there is insufficient evidence to support the award of $5,935.47. Second, he claims that the trial court lacked authority to order the payment of restitution from his cash bond.

At the sentencing hearing, after Mary Rouse testified that K.R. received inpatient and outpatient psychiatric services at Community North Hospital, the following exchange took place between the trial court and Rouse:

Court: And as far as your time that you've asked for restitution of fifty nine hundred dollars or so, how much of that is out of your pocket and how much did your insurance company pay?

Rouse: Um, that is all out of our pocket.

Court: So you paid the whole five thousand nine hundred and thirty five dollars and forty cents?

Rouse: No, it was a lot more than that. That was our out of pocket expense.

Court: Oh, okay. And that includes the St. V stay, the Community North stay

and then the outpatient. You total those up and this is your out of pocket?

Rouse: Yes.

(Tr. 51.) As such, the record does not support Blixt's contention that the restitution order lacked evidentiary support.

■ Second, Blixt argues that the trial court lacked authority to apply any portion of his $10,000.00 cash bond to satisfy the restitution order. He points to *Goffinet v. State*, 775 N.E.2d 1227, 1234 (Ind.Ct.App. 2002), *trans. denied*, wherein a panel of this Court held that Indiana Code Section 35–33–8–3.2(a)(2) "does not authorize the trial court to order any money retained from a bond remittance for any purpose unless the bond was a 10% cash or securities deposit."

Blixt correctly observes that generally the proper criminal penalty is the one in effect at the time of the offense. *Turner v. State*, 669 N.E.2d 1024, 1027 (Ind.Ct. App.1996), *trans. denied*. He then points out that a recent amendment to Indiana Code Section 35–33–8–3.2(a) post-dated the date of his offense.

Effective July 1, 2006, the Indiana Legislature authorized the trial court to require a defendant posting a cash bond to execute an agreement allowing retention of all or a part of the cash to pay restitution. The additional language of Indiana Code Section 35–33–8–3.2(a) provides:

> If the court requires the defendant to deposit cash or cash and another form of security as bail, the court may require the defendant and each person who makes the deposit on behalf of the defendant to execute an agreement that allows the court to retain all or a part of the cash to pay publicly paid costs of representation and fines, costs, fees, and restitution that the court may order the defendant to pay if the defendant is convicted.

Although the foregoing provision granting explicit statutory authority for the procedure used was not in effect on the date of Blixt's offense, he had nevertheless agreed that the trial court could apply his cash bond to a restitution order. He signed a "Notice to those Released from Jails on Bond" dated December 21, 2005, which stated in pertinent part, "I understand that upon conviction cost for counsel, court costs, restitution, and any other fees may be deduc[t]ed. Any remaining balance will be returned to me at the below address." (App.64.)

Blixt contends that such an agreement is involuntary in nature and against public policy. However, he did not raise this public policy argument before the trial court, choosing instead to accept the benefits of his bond agreement, and may not claim for the first time on appeal that his bond agreement included an invalid provision. *See Ashba v. State*, 816 N.E.2d 862, 868 (Ind.Ct.App.2004) (holding that a defendant is precluded from claiming error when such alleged error is invited).

## Conclusion

Blixt has not demonstrated that the trial court abused its sentencing discretion in compiling its statement of reasons supporting the sentence imposed or in formulating the restitution order. Nor has Blixt persuaded this Court that his six-year sentence, with two years suspended to probation, is inappropriate.

Affirmed.

BAKER, C.J., and VAIDIK, J., concur.