## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jun 03 2015, 7:21 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Special Asst. to the State Public Defender
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brent Simcox,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 3, 2015

Court of Appeals Case No.
52A04-1501-CR-8

Appeal from the Miami Circuit Court.
The Honorable Timothy P. Spahr, Judge.
Cause No. 52C01-1405-FB-21

**Baker, Judge.**

[1] Brent Simcox appeals the amount of restitution ordered by the trial court after Simcox pleaded guilty to burglary as a class B felony. Simcox argues that there is insufficient evidence supporting the trial court's valuation of the victim's monetary loss. Finding no error, we affirm.

## Facts

[2] On May 10, 2014, Simcox broke into and entered the dwelling of his parents, Donald and Kimberly Simcox. He stole a number of items including Kimberly's state tax refund check and jewelry. On November 13, 2014, Simcox pleaded guilty to class B felony burglary. The plea agreement provided that he would serve an eight-year sentence, with two years suspended to probation, and left the amount of restitution for the trial court to determine.

[3] On December 4, 2014, the trial court accepted the plea agreement and held an evidentiary hearing regarding the value of the items stolen from Kimberly. At the hearing, Kimberly testified as follows regarding the items and her estimate of their value:

- A state tax refund check worth $288;
- Four gold watches, two of which were antiques, which Kimberly testified were expensive watches and estimated their value at $300 apiece;
- Half-carat diamond earrings whose replacement cost would be $2,500;
- One-carat marquise diamond whose replacement cost would be $7,000;
- Marquise diamond ring purchased at a cost of $375;
- Two wedding bands that cost $700 when purchased thirty-seven years ago, and the replacement value of Kimberly's band, which contains a diamond, would be $2,000;

- Multiple necklaces belonging to Kimberly's deceased mother, one of which was an emerald necklace with two diamonds that her father had made for her mother, and Kimberly estimated that the total value of all of the necklaces was $1,000;
- A family heirloom diamond ring, and Kimberly estimated the replacement cost would be $25,000.

Tr. p. 7-14.

[4] The trial court accepted Kimberly's valuation of all items except for the family heirloom ring, which it valued at $1,000 rather than $25,000, and the two wedding bands, which it valued collectively at $2,200 rather than $2,700. The trial court ordered Simcox to pay restitution in the amount of $15,563. Simcox now appeals.

## Discussion and Decision

[5] Simcox's sole argument on appeal is that the trial court abused its discretion in calculating the amount of restitution he is ordered to pay. Indiana Code section 35-50-5-3 provides that a trial court may order the defendant to make restitution to the victim of the crime. Among other things, the trial court "shall base its restitution order upon a consideration of . . . property damages of the victim incurred as a result of the crime, based on the actual cost of repair (or replacement if repair is inappropriate)[.]" I.C. § 35-50-5-3(a)(1). We review restitution orders for an abuse of discretion. *Bickford v. State*, 25 N.E.3d 1275, 1279 (Ind. Ct. App. 2015). The evidence supporting the amount of a restitution order is sufficient if there is a reasonable basis for the loss and it is not based on "mere speculation or conjecture." *T.C. v. State*, 839 N.E.2d 1222, 1227 (Ind.

Ct. App. 2005). Sworn victim testimony may provide sufficient evidentiary support for a restitution order. *Blixt v. State*, 872 N.E.2d 149, 154 (Ind. Ct. App. 2007).

[6] Initially, we note that Simcox does not dispute the valuation of the state refund check ($288), the Marquise diamond ring ($375), the half-carat diamond earrings ($2,500), or the one-carat diamond ring ($7,000). Simcox focuses on the remaining items, arguing that because Kimberly was merely estimating their value and had no basis upon which to support her estimation, the evidence was mere speculation or conjecture.

[7] With respect to the four gold watches, Kimberly testified that one of them was an antique handed down from her mother-in-law and another was her mother's watch. All four were gold. Although she was unsure of their precise value, she was able to estimate that they were worth approximately $300 apiece.

[8] Regarding her mother's necklaces, she was unable to describe each of them with specificity. But she described one necklace that had been made for her mother by her father when he was serving in Thailand, testifying that it had an emerald with a diamond on either side of the emerald. Kimberly estimated that the total value of all of the necklaces was $1,000.

[9] With respect to the wedding bands of Kimberly and her husband, she testified that when they were purchased over thirty years ago they cost approximately $700. She also stated that her wedding band contains a diamond and estimated its replacement cost to be $2,000. The trial court elected to value the two bands

collectively at $2,200 rather than the full amount of $2,700 estimated by Kimberly.

[10] Finally, Kimberly estimated that her grandmother's antique diamond ring was worth approximately $25,000. The trial court found that to be far too high of a valuation and instead valued that ring at $1,000.

[11] With respect to each of these items, Kimberly was able to describe them with specificity and detail. *Cf. T.C.*, 839 N.E.2d at 1227-28 (holding that where victim was unable to state with certainty which stolen items had been returned to him, and which returned items were in a saleable condition, the evidence was insufficient to support the restitution order). Many of them were antiques and the jewelry included emeralds, diamond, silver, and gold. The trial court did not give carte blanche to Kimberly's valuation, decreasing her estimated amounts when it deemed it necessary. While Simcox presented argument and cross-examined Kimberly regarding her valuation, he presented no evidence of his own to counter Kimberly's testimony. We find that Kimberly's testimony about the value of these items was not mere speculation or conjecture, and that the trial court did not abuse its discretion in ordering Simcox to pay restitution in the amount of $15,563.

[12] The judgment of the trial court is affirmed.

Najam, J., and Friedlander, J., concur.