# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 12 2019, 9:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Myers
Blackford County Public Defender
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

Thomas Holiday,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 12, 2019

Court of Appeals Case No. 18A-CR-2014

Appeal from the Blackford Superior Court

The Honorable John N. Barry, Judge

Trial Court Cause No. 05D01-1712-CM-339

**Robb, Judge.**

## Case Summary and Issue

[1] Following a bench trial, Thomas Holiday was found guilty of battery resulting in bodily injury, a Class A misdemeanor. The trial court sentenced Holiday to one year of probation and ordered him to pay restitution in the amount of $1,295.44. This case presents the sole issue of whether the trial court abused its discretion in ordering Holiday to pay $1,295.44 in restitution. Concluding the trial court abused its discretion, we reverse the restitution order and remand for a new restitution hearing.

## Facts and Procedural History

[2] Nicole Lugar and Holiday were in an on and off romantic relationship and shared a son together. The two had been living together at Lugar's apartment, but were experiencing relationship problems. Lugar asked Holiday to move out on November 8, 2017. Holiday packed his belongings and left. On the morning of November 9, Lugar and Bruce Hall[1] awoke to find Holiday standing at the end of their bed "[d]istraught, upset, [and] mad[.]" Transcript, Volume I at 8. As Hall tried to get out of bed, Holiday "clenched his fists" and walked toward Hall. *Id*. Holiday grabbed Hall and as Hall attempted to push Holiday, he fell onto the bedside table and hit his head, causing him to lose

---

[1] Holiday testified that, one month prior to the incident, Lugar and Hall had been in a relationship "for a week." Transcript, Volume I at 37. Lugar and Hall were dating at the time of the incident and were engaged by the trial date.

consciousness. When Hall regained consciousness, Holiday was on top of him, punching him. At some point, Holiday stuck his finger in Hall's eye. *See id.* at 9. As a result, the side of Hall's face was bruised and he suffered a "softball size[d]" area of internal bleeding on his leg, which prompted him to go to the hospital. *Id.* at 10.

[3] On December 7, the State charged Holiday with a single count of battery resulting in bodily injury, a Class A misdemeanor. A bench trial was held on July 20, 2018, and the trial court found Holiday guilty as charged. Hall requested restitution in the amount of $1,295.44, which included medical expenses and lost wages. At the bench trial, Hall testified that he was uninsured at the time of the incident and received a cash discount from the hospital. He also testified that due to his injuries, he took a few days off work, where he earned $14 or $15 per hour. The trial court sentenced Holiday to one year, with all time being suspended to formal supervised probation and ordered him to pay $1,295.44 in restitution to Hall as a condition of probation. Holiday objected to the restitution amount at trial and now appeals the trial court's restitution order.

# Discussion and Decision

## I. Standard of Review

[4] A restitution order must be supported by sufficient evidence of actual loss sustained by the victim of a crime. *Rich v. State*, 890 N.E.2d 44, 49 (Ind. Ct. App. 2008), *trans. denied*. "The harm or loss must come as a direct and

immediate result of the criminal acts of a defendant." *Id*. at 51 (internal quotation omitted). The amount of actual loss is a factual matter determined only by the presentation of evidence and we will reverse a restitution order only for an abuse of discretion. *Id*. at 49. An abuse of discretion occurs if the trial court's decision is clearly against the logic and effects of the facts and circumstances before it. *Long v. State*, 867 N.E.2d 606, 618 (Ind. Ct. App. 2007).

[5] "A trial court abuses its discretion in ordering restitution only if no evidence or reasonable inferences therefrom support the trial court's decision." *Postiglione v. State*, 84 N.E.3d 659, 664 (Ind. Ct. App. 2017) (internal quotations omitted), *trans. denied*. We will affirm the trial court's order if there is sufficient evidence to support its decision. *Rich*, 890 N.E.2d at 49. "Evidence supporting a restitution order is sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture." *J.H. v. State*, 950 N.E.2d 731, 734 (Ind. Ct. App. 2011) (internal quotation omitted).

## II. Restitution Order

[6] A trial court "enjoys wide latitude in fashioning the terms of a defendant's probation" and we will only set aside the terms of probation where a trial court has abused its discretion. *Kays v. State*, 963 N.E.2d 507, 509 (Ind. 2012). A restitution order lies within this discretion. *Id*. "[T]he principal purpose of restitution is to vindicate the rights of society and to impress upon the defendant

the magnitude of the loss the crime has caused[;] restitution also serves to compensate the victim." *Iltzsch v. State*, 981 N.E.2d 55, 56 (Ind. 2013).

[7] Indiana Code section 35-50-5-3(a) provides, in pertinent part:

> [I]n addition to any sentence imposed under this article for a felony or misdemeanor, the court may, as a condition of probation or without placing the person on probation, order the person to make restitution to the victim of the crime[.] The court shall base its restitution order upon a consideration of:
>
> * * *
>
> (2) medical and hospital costs incurred by the victim (before the date of sentencing) as a result of the crime;
>
> * * *
>
> (4) earnings lost by the victim (before the date of sentencing) as a result of the crime including earnings lost while the victim was hospitalized or participating in the investigation or trial of the crime[.]

[8] "Restitution must reflect the actual medical costs incurred by the victim and may not include recovery for duplicated medical charges, such as those covered by insurance." *Akins v. State*, 39 N.E.3d 410, 413 (Ind. Ct. App. 2015). A victim's in court testimony may be sufficient to support a restitution order. *Blixt v. State*, 872 N.E.2d 149, 153-54 (Ind. Ct. App. 2007) (holding that testimony by a victim's mother as to the amount of out of pocket medical expenses paid was sufficient to support the trial court's restitution order).

[9] Holiday argues "[t]here was no clear evidence presented at the sentencing hearing" from which the trial court "could have made a fair restitution determination" and suggests this could lead to overcompensating Hall in violation of the restitution statute. Brief of Appellant at 7. Holiday, therefore, requests that we remand this case to the trial court to determine an appropriate restitution amount.

[10] At sentencing, the State called Hall to testify regarding restitution and after establishing that he had to go to the hospital as a result of the incident and had medical expenses, Hall testified:

[State]: Okay. Does insurance cover most or all of that?

[Hall]: I think, I didn't have insurance, but when I went to the hospital, I think they gave me, since I was going to be a cash paying person, they gave me some type of discount, so the amount that I wrote on there was the final amount after they deducted like, cash discount.

[State]: Okay. So I'm showing that you submitted a claim of $1,295.44?

[Hall]: Correct.

[State]: Alright. And all of those expenses were a result of the events of November 9th?

| | |
|---|---|
| [Hall]: | Correct. |
| [State]: | Have you had any other out of pocket expenses because of that? |
| [Hall]: | No. |
| [State]: | Okay. So $1,295.44 is the amount? |
| [Hall]: | Correct. |

* * *

| | |
|---|---|
| [Hall]: | I ended up having to take a, I think a few days off from work, which I put that in there as well because of incident, so between the medical expenses and missing the time I had to take off from work, that was the total amount. |
| [Court]: | Is that reflective in the $1,295.[44 ?] |
| [Hall]: | Yes, sir. |
| [Court]: | Your missed time from work? |
| [Hall]: | Yes, sir. |

* * *

| | |
|---|---|
| [Defense]: | You indicated that you were working at the time? |

| [Hal]: | Correct. |
| --- | --- |
| [Defense]: | Who was your boss? |
| [Hall]: | It's called, A Better Power Washing Services. He's [sic] name is Gerald Mason. |
| [Defense]: | How much were you making an hour, Sir? |
| [Hall]: | It was roughly like fourteen or fifteen dollars an hour. Actually I put a copy of a form that he filled out or typed out . . . . |

Tr., Vol. 1 at 46-48.

[11]     Here, the only evidence supporting the trial court's restitution order was Hall's testimony at trial. Hall testified that he has incurred $1,295.44 in medical expenses and lost wages as a result of Holiday's crime. He testified that he was uninsured when he went to the hospital, received a cash discount, and took a few days off from work where he earned $14 or $15 per hour. Although this court has held that a victim's testimony may be sufficient to support a restitution order, *Blixt*, 872 N.E.2d at 153-54, we cannot say Hall's testimony is sufficient because it is unclear exactly how many days he took off from work, the total amount of his hospital bill, the discount he received from the hospital, and how much he owed the hospital after the discount. Thus, Hall's testimony failed to provide the trial court a "reasonable basis" for estimating his actual loss and subjected it to "mere speculation or conjecture[,]" particularly with respect to his lost wages. *J.H.*, 950 N.E.2d at 734. With respect to restitution,

our supreme court has explained that "precedent supports remanding for additional evidence when appropriate." *Iltzsch*, 981 N.E.2d at 57. In light of our supreme court's decision in *Iltzsch*, we reverse the trial court's restitution order and remand for a new restitution hearing to allow the presentation of additional evidence supporting Hall's request for restitution in the amount of $1,295.44.[2]

# Conclusion

[12] Because the evidence in the record is insufficient to support the trial court's restitution order, we conclude the trial court abused its discretion in ordering Holiday to pay Hall $1,295.44 and remand for a new restitution hearing permitting the presentation of additional evidence of Hall's actual loss.

[13] Reversed and remanded.

Riley, J., and Kirsch, J., concur.

---

[2] In his brief, Holiday states that "at the date of sentencing [Hall] had paid no out of pocket expense[,]" subtly hinting that the outstanding nature of the medical expenses is problematic. Br. of Appellant at 7. Any potential argument with respect to the outstanding nature of Hall's medical expenses stops there and is waived. *See* Ind. Appellate Rule 46(A)(8)(a). On remand, the trial court should determine whether Hall's medical expenses were incurred before the date of sentencing as a result of Holiday's crime pursuant to Indiana Code section 35-50-5-3(a)(2).