ATTORNEY FOR APPELLANT
Valerie K. Boots
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Ryan D. Johanningsmeier
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

**FILED**
Jan 24 2013, 3:26 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 49S02-49S02-1301-CR-57

CARLIN ILTZSCH,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court
No. 49G06-1106-FB-38359 & 49G06-0412-FB-228844
The Honorable Jeffrey Marchal, Judge *Pro Tempore*

On Petition To Transfer from the Indiana Court of Appeals, No. 49A02-1112-CR-1164

**January 24, 2013**

**Per Curiam.**

Following a bench trial, Carlin Iltzsch was found guilty of burglary, a class B felony, adjudicated an habitual offender, and sentenced to an executed term of twenty-two years. In addition, the trial court ordered Iltzsch to pay restitution to the victim in the amount of $711.95. At issue in this appeal is the restitution order.

We have said the principal purpose of restitution is to vindicate the rights of society and to impress upon the defendant the magnitude of the loss the crime has caused, and that restitution also serves to compensate the victim. *See* <u>Pearson v. State</u>, 883 N.E.2d 770, 772 (Ind. 2008). Indiana Code section 35-50-5-3(a) says that a "court shall base its restitution order upon a consideration of: (1) property damages of the victim incurred as a result of the crime, based on the actual cost of repair (or replacement if repair is inappropriate)[.]"

Here, restitution was ordered for the victim's television set and record collection. The Victim Impact Statement, included in the Pre-Sentence Report, stated in part, "[Victim] advised nothing was taken but the defendant destroyed his antique record collection valued at approximately $300.00. In addition, his television had to be replaced and the loss was $411.95." (Report, p. 13.) At trial, the victim testified that the television set had been moved from its usual place and had been found on the floor of the kitchen. (Transcript, p. 35.) A photograph admitted into evidence showed the television face down on the floor after the burglary, but damage to the set was not illustrated. (Exhibits, p. 11.) The following exchange occurred at the restitution hearing, which the victim did not attend:

> [Prosecutor]    I'd also ask that pursuant to the Victim Impact Statement that's contained in the PSI, I believe the total is $711.95 worth of damage to a television and some antique records; that judgment be ordered, civil judgment to [the victim] in the amount of $711.95.
>
> [The Court]    Anything with respect to the civil judgment or restitution, [defense counsel]?
>
> [Defense Counsel]     We have no objection to that, Your Honor.
>
> * * * *

[Defense Counsel]    And I apologize, Your Honor.  Actually I think for the record I would object to the restitution amount based on the fact that Mr. Iltzsch has maintained his innocence so we would object to that restitution as a civil judgment order.

* * * *

[The Court]    Over objection of the defense, I will order a civil judgment of restitution to [the victim] in the amount of $711.95.  That's to help pay for the damage and the lost property.

(Transcript, p. 87-91.)

The Court of Appeals unanimously reversed the restitution order on grounds there was insufficient evidence to support the amount of restitution awarded.  Iltzsch v. State, 972 N.E.2d 409, 412-14 (Ind. Ct. App. 2012), *vacated*.  Without doubt, the better practice for the State would have been to present more substantial evidence about the nature and extent of the property damage, as outlined by the Court of Appeals.   Similarly, the better practice for a defendant would have been to make contemporaneous objections (for example, hearsay and lack of foundation) as appropriate.

We grant transfer, though, to address whether the case can be remanded for a new restitution hearing.  This question divided the Court of Appeals panel.  Citing Cooper v. State, 831 N.E.2d 1247, 1253-54 (Ind. Ct. App. 2005), the majority "believe[d] that allowing the State to conduct a new restitution hearing and to present additional evidence concerning the loss would allow the State an inappropriate second bite at the apple."  Iltzsch, 972 N.E.2d at 415.  As Judge Bailey pointed out in his dissent, though, it appears the restitution in Cooper involved a claim for lost wages by the parents of the victim that simply were not recoverable under the statute, so there would have been no reason for remand.  We do not find Cooper persuasive authority for

3

prohibiting a remand for a restitution hearing under the circumstances of this case. Rather, as the majority acknowledged, precedent supports remanding for additional evidence when appropriate. That has been the view of this Court and the Court of Appeals. *See, e.g.,* Clausen v. State, 622 N.E.2d 925, 928 (Ind. 1993), *adopting in part* Clausen v. State, 612 N.E.2d 147, 149 (Ind. Ct. App. 1993) (remanding with instructions to hold a hearing to determine the cost of counseling, where there had been no evidence of the cost presented at the original hearing); J.H. v. State, 950 N.E.2d 731, 735 (Ind. Ct. App. 2011) (remanding for a new restitution hearing "if the State desired" where insufficient evidence had been presented at the original hearing).

Accordingly, transfer of jurisdiction is granted pursuant to Appellate Rule 56(B). This case is remanded to the trial court with instructions to conduct a new restitution hearing at which the State will be permitted to present, and Iltzsch will be allowed to confront, any additional evidence supporting the victim's property loss. The Court of Appeals opinion is vacated as to the remand; the remaining portions of the opinion are summarily affirmed. *See* Ind. Appellate Rule 58(A).

Rucker, David, Massa, and Rush, JJ., concur.
Dickson, C.J., dissents.

4

**Dickson, Chief Justice, dissenting.**

I respectfully dissent, believing that we should not remand. As acknowledged by the per curiam opinion, Indiana statutory law requires that an order of restitution be "based on the actual cost of repair (or replacement if repair is inappropriate)." Ind. Code § 35-50-5-3(a). When on appeal the quantum of evidence presented by the State is found insufficient to satisfy its burden of proof on an issue, permitting the State a second opportunity to overcome its deficiency in proof is inconsistent with principles prohibiting double jeopardy. *See* Lockhart v. Nelson, 488 U.S. 33, 109 S. Ct. 285, 102 L. Ed. 2d 265 (1988); Lambert v. State, 534 N.E.2d 235, 237 n.2 (Ind. 1989).