Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**JANE ANN NOBLITT**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
Apr 25 2013, 9:31 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| E. PAUL HASTE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 03A05-1207-CR-378 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BARTHOLOMEW SUPERIOR COURT
The Honorable Chris D. Monroe, Judge
Cause No. 03D01-1104-FB-1929

**April 25, 2013**

**OPINION ON REHEARING – NOT FOR PUBLICATION**

**MATHIAS, Judge**

The State has petitioned this court for rehearing in our memorandum decision in Haste v. State, 982 N.E.2d 30 (Ind. Ct. App. 2013), and E. Paul Haste ("Haste") filed a brief in response to the petition for rehearing. In our original opinion, we held that there was sufficient evidence to support Haste's conviction for Class B felony dealing in methamphetamine, but we also found that the trial court abused its discretion in entering a restitution order of $90,000 because a portion of the restitiution costs were speculative in nature.[1] Id. at *5, *7.

We further held that the State "had a 'full and fair opportunity to obtain and present evidence' but failed to do so;" therefore, we did not permit the state to conduct a new restitution hearing and remanded with instructions for the trial court to reduce the restitution order to $30,722. Id. (citing Iltzsch v. State, 972 N.E.2d 409, 412 (Ind. Ct. App. 2012)). It is on this issue that the State petitions for rehearing. The State argues that in light of our supreme court's recent holding in Iltzsch v. State, 981 N.E.2d 55, 56 (Ind. 2013), we should remand the case to the trial court for a new hearing on restitution.[2]

Our supreme court granted transfer with opinion in Iltzsch v. State, 972 N.E.2d 409 (Ind. Ct. App. 2012)) "to address whether the case can be remanded for a new restitution hearing." Iltzsch, 981 N.E.2d at 56. Our supreme court reversed this court's

---

[1] Judge Crone dissented in part on this issue holding that the trial court "was well within its discretion to fix the value at $90,000." Haste, 982 N.E.2d at *7-*8 (Ind. Ct. App. 2013).

[2] Haste argues that the petition for rehearing should not be granted, because the supreme court erred in its analysis in Iltzsch, in which it distinguished the facts of Iltzsch from those in Cooper v. State, 831 N.E.2d 1247 (Ind. Ct. App. 2005). Appellant's Response to Petition for Rehearing at 8. In Iltzsch, the supreme court found that Cooper was distinguishiable and not persuasive authority for prohibiting remand for restitution, because the restitution in Cooper involved a claim for lost wages that was *not recoverable* under the statute even if the case was remanded. Iltzsch, 981 N.E.2d at 57. We are bound by the supreme court's opinion, and we note that the circumstances here are similar to Iltzsch, not Cooper, in that restitution *may* be recoverable on remand.

holding in which we held that "'allowing the State to conduct a new restitution hearing and to present additional evidence concerning the loss would allow the State an inappropriate second bite at the apple.'" Id. at 57 (quoting Iltzsch, 972 N.E.2d at 415). Our supreme court held that while "the better practice for the State would have been to present more substantial evidence about the nature and extent of the property damage[,]" the cause should be remanded to the trial court for a new restitution hearing. Id. at 56-57. In light of this holding, the circumstances of Haste also support remanding for a new restitution hearing.

We therefore grant the State's petition for rehearing, vacate the portion of our opinion denying a hearing on restitution, and remand the cause to the trial court for a new hearing on restitution.

KIRSCH, J., and CRONE, J., concur.