**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

FILED
May 29 2014, 10:20 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LATROYA RUCKER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1311-CR-918 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable H. Patrick Murphy, Commissioner
Cause No. 49F07-1211-CM-77045

**May 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Latroya Rucker smashed a car windshield with bricks and a crowbar and was convicted of class B misdemeanor criminal mischief. As part of her sentence, she was ordered to pay $240 in restitution to the owner of the vehicle. She appeals, claiming that the evidence is insufficient to support the restitution order. We affirm.

**Facts and Procedural History**

Rucker's friend Teshawna Crisler worked at a fast food restaurant, and Rucker periodically drove her to and from work. One night at work, Crisler's shift manager William Scott had a confrontation with another employee, who was tardy. After Crisler's shift, at about 1:00 a.m., Rucker and another woman went to Scott's home and knocked on the door. Scott's fiancée opened the door and refused Rucker's provocation to fight her. When Scott and his fiancée went back inside, they heard a loud noise outside. They looked out the window and saw Rucker and the other woman repeatedly strike his car windshield with bricks and crowbars.

The State charged Rucker with two counts of class B misdemeanor criminal mischief. The trial court convicted her on one count. During Rucker's bench trial, Scott testified that the cost to repair his windshield was "right around like $240.00." Tr. at 10. State's Exhibit 1 contained a photograph of the smashed windshield. When the trial court pronounced sentence and ordered restitution, Scott confirmed the cost of repair as "$240.00 for the car." *Id.* at 39. Rucker did not object to Scott's assertions or the court's order that she pay $240 in restitution as part of her sentence. She now appeals the restitution order.

2

**Discussion and Decision**

Rucker challenges the sufficiency of evidence to support the trial court's order that she pay $240 in restitution. Restitution vindicates the rights of society and impresses upon the offender the magnitude of loss caused by her criminal conduct. *Iltzsch v. State*, 981 N.E.2d 55, 56 (Ind. 2013). It also compensates the offender's victim. *Id*.

At the outset, we address the State's assertion that Rucker waived her challenge to the restitution order by failing to object below. "Generally, failure to object to an award of restitution constitutes waiver of a challenge to the award on appeal, unless a defendant argues that the award was fundamentally erroneous and in excess of statutory authority." *Morris v. State*, 2 N.E.3d 7, 9 (Ind. Ct. App. 2013), *op. on reh'g*. "A defendant's failure to make a specific and timely objection to the trial court's receipt of evidence concerning the amount of restitution constitutes waiver of the issue on appeal." *Id*. Nevertheless, a number of cases have emphasized this Court's preference for reviewing a trial court's restitution order even absent an objection by the defendant. *See*, *e.g.*, *Edsall v. State*, 983 N.E.2d 200, 208-09 (Ind. Ct. App. 2013) (hearing merits of defendant's claim that trial court lacked statutory authority to impose restitution where plea agreement never mentioned it) and *Rich v. State*, 890 N.E.2d 44, 48-49 (Ind. Ct. App. 2008) ("the vast weight of the recent caselaw … indicates that appellate courts will review a trial court's restitution order even where the defendant did not

object based on the rationale that a restitution order is part of the sentence, and it is [our] duty … to bring illegal sentences into compliance."), *trans. denied*.[1]

Here, Rucker does not challenge the legality of the restitution order in the sense that it allegedly violates any plea agreement or maximum sentence. Instead, she simply submits that the $240 figure is not supported by the record. Because she failed to object to Scott's testimony concerning the cost of his repair or to the admission of State's Exhibit 1 depicting the damaged windshield, she cannot now complain about their use in determining the amount of restitution ordered. Thus, although she waived the right to challenge the trial court's receipt of this evidence, we will address her insufficiency argument on its merits.

We review a trial court's order of restitution for an abuse of discretion. *Long v. State*, 867 N.E.2d 606, 618 (Ind. Ct. App. 2007). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id*. In determining whether the trial court abused its discretion, we neither reweigh evidence nor judge witness credibility. *Mogg v. State*, 918 N.E.2d 750, 755 (Ind. Ct. App. 2009). We will affirm the trial court's decision if there is any evidence supporting it. *Smith v. State*, 990 N.E.2d 517, 520 (Ind. Ct. App. 2013), *trans. denied*.

---

[1] (Citing *Cherry v. State,* 772 N.E.2d 433, 440 (Ind. Ct. App. 2002) (quoting *Golden v. State,* 553 N.E.2d 1219, 1223–24 (Ind. Ct. App. 1990), *trans. denied* ), *trans. denied; see also Lohmiller v. State,* 884 N.E.2d 903, 916 (Ind. Ct. App. 2008); *Kline v. State,* 875 N.E.2d 435, 438 (Ind. Ct. App. 2007); *Laker v. State,* 869 N.E.2d 1216, 1220 (Ind. Ct. App. 2007); *Bennett v. State,* 862 N.E.2d 1281, 1287 (Ind. Ct. App. 2007); *Johnson v. State,* 845 N.E.2d 147, 153 (Ind. Ct. App. 2006), *trans. denied; Ware v. State,* 816 N.E.2d 1167, 1179 (Ind. Ct. App. 2004); *Green v. State,* 811 N.E.2d 874, 877 (Ind. Ct. App. 2004)).

Indiana Code Section 35-50-5-3(a)(1) requires the trial court to base its restitution order on a consideration of "property damages of the victim incurred as a result of the crime, based on the actual cost of repair (or replacement if repair is inappropriate)." Thus, the restitution order must be supported by sufficient evidence of actual loss suffered by the victim. *Gil v. State*, 988 N.E.2d 1231, 1235 (Ind. Ct. App. 2013). The amount of a victim's loss is a factual matter that can be determined only on presentation of evidence. *Smith*, 990 N.E.2d at 520. "Evidence supporting a restitution order is sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture." *S.G. v. State*, 956 N.E.2d 668, 683 (Ind. Ct. App. 2011) (citation and internal quotation marks omitted), *trans. denied*.

The parties agree that the victim's in-court testimony may be sufficient to support a restitution order. *See*, *e.g.*, *Blixt v. State*, 872 N.E.2d 149, 153-54 (Ind. Ct. App. 2007) (holding evidence sufficient to support restitution order based solely on victim's mother's testimony that she had paid $5935.47 to cover her teenage daughter's psychiatric services stemming from defendant's sexual misconduct with daughter).

However, Rucker maintains that Scott's testimony was imprecise and thus speculative. In this vein, she takes umbrage with the trial court's reliance on his testimony that the cost of repairing his windshield was "right around like $240.00," characterizing this statement as merely "rounded up" or "somewhere in the neighborhood of actual cost." Tr. at 10; Appellant's Br. at 4.

Rucker relies on *Iltzsch v. State*, 972 N.E.2d 409 (Ind. Ct. App. 2012), *rev'd on other grounds*, 981 N.E.2d 55 (Ind. 2013). In *Iltzsch*, another panel of this Court reversed a $711.95 restitution order on insufficiency grounds where the only evidence concerning the amount of the victim's loss was the "Victim's Impact Statement" portion of the presentence investigation report, as transcribed secondhand from the victim's unsworn assertions. *Id.* at 413-14. We find her reliance on *Iltzsch* misplaced. There, the testimony concerning the victim's loss was held insufficient not because it lacked precision (down to the penny) but because it was secondhand and unsworn. *Id.*

Here, Scott was under oath when he testified concerning the cost to repair his windshield. The record also contains photographic evidence of the smashed windshield. To the extent that Rucker emphasizes Scott's use of terms such as "around" and "like" in his testimony, we note that during sentencing, when the trial court was determining the amount of restitution, Scott explicitly confirmed that his loss "was $240.00 for the car." *Id.* at 39. The trial court acted within its discretion in ordering restitution in that amount, and Rucker's arguments amount to invitations to reweigh evidence and judge witness credibility, which we may not do. Accordingly, we affirm the trial court's restitution order.

Affirmed.

BAKER, J., and BARNES, J., concur.

6