

**FILED**

Dec 21 2015, 8:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Kristin A. Mulholland
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

I N   T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John Paul Garcia,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | December 21, 2015<br><br>Court of Appeals Case No.<br>45A03-1503-CR-86<br><br>Appeal from the Lake Superior Court;<br><br>The Honorable Diane Ross Boswell, Judge;<br><br>Trial Court Cause No.<br>45G03-1302-FC-20 |

**May, Judge.**

[1] John Paul Garcia appeals the court's imposition of his sixty-six month sentence and its order of restitution. He asserts the restitution order was an abuse of discretion and the length of his sentence is inappropriate in light of his character and offense.

[2] We affirm in part and reverse and remand in part.

## Facts and Procedural History

On December 27, 2012, Garcia posted an advertisement on Craigslist to sell 200 Morgan dollar coins at $22.00 each. The advertisement proposed Garcia and the prospective buyer would meet at McDonald's. Paul Bowman responded to this advertisement. Garcia gave Bowman what were purported to be 180 Morgan dollar coins for $3,600.00 in cash. Shortly after this transaction, Bowman took the coins to a seller. The seller tested the coins and informed Bowman the coins were fake. Bowman reported this crime to the police.

On February 5, 2013, officers were about to apprehend Garcia, but he quickly drove away. While being chased by the officers, Garcia's vehicle crashed into a truck. Garcia tried to flee on foot, but he was arrested.

[3] On February 7, 2013, Garcia was charged with Class C felony forgery,[1] Class D felony resisting law enforcement,[2] and Class C misdemeanor failure to return to

---

[1] Ind. Code § 35-43-5-2(b)(1) (2006).

[2] Ind. Code § 35-44.1-3-1(b)(1)(a) (2012).

the scene after accident resulting in damage to an attended vehicle.[3] Garcia agreed to plead guilty to forgery. In exchange, the State would dismiss the other charges and would not file a habitual offender enhancement.

[4] The court accepted the plea agreement, convicted Garcia of forgery, and sentenced Garcia to sixty-six months to be served concurrently with his sentence in Cause No. 45G03-1303-FC-00041 in the Department of Correction.[4] At the sentencing hearing on February 6, 2015, the State requested restitution in the amount of $3,600.00. Garcia objected to the restitution order.[5] Bowman did not appear, but the court entered judgment on behalf of Bowman in the amount of $3,600.00.

## Discussion and Decision

### *Appropriateness of Sentence*

[5] Garcia asserts his sixty-six month sentence was inappropriate given his character and the nature of his offense. Indiana Appellate Rule 7(B)

---

[3] Ind. Code § 9-26-1-2(2) (2012).

[4] Garcia's sentence in Cause No. 45G03-1303-FC-00041 was also sixty-six months. *See Garcia v. State*, Memorandum Decision 45A03-1503-CR-85, slip op. at 2 (Ind. Ct. App., Nov. 18, 2015).

[5] The dissent claims "the amount of restitution is not disputed," slip op. at ¶ 16, and Garcia did not "contest[] . . . the amount of Bowman's loss[.]" *Id.* at ¶ 17. However, during the sentencing hearing, Garcia's counsel stated:

> I would object to the request of restitution. There's no documents that support that [sic] actual valuation of what they're asking for and what was – what they're out, outside of what they have said. I believe that there would be additional records that would be required to order to – to grant a restitution order or a judgment in that matter. That's my objection, your Honor.

(Tr. at 46.)

implements this court's constitutional authority to revise a sentence if, after due consideration of the trial court's decision, we find the sentence is "inappropriate in light of the nature of the offense and the character of the offender." The burden is on the defendant to persuade us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[6] Garcia pled guilty to a Class C felony, which carries a penalty of two to eight years, with an advisory sentence of four years. Ind. Code § 35-50-2-6(a) (2005). The plea agreement capped Garcia's sentence at sixty-six months, which is five and a half years, and although the court imposed all sixty-six months, that sentence is closer to the advisory sentence than to the maximum possible sentence for forgery. Such sentence does not appear inappropriate for the sale of 180 fake Morgan dollar coins.

[7] When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson v. State,* 986 N.E.2d 852, 857 (Ind. Ct. App. 2013). The significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* Garcia has an extensive adult criminal history dating from 1986. Garcia has been convicted of nine misdemeanors and eight felonies. Those felonies include Class B felony burglary, felony theft, felony possession of stolen goods/property, and Class 3 felony theft/deception. Garcia was convicted of two federal charges for forged or counterfeited United States obligations and dealing in counterfeit obligations. Garcia's numerous contacts with the criminal justice system, including his several incarcerations and stints on

probation, have not led him to reform himself. Thus, we cannot say Garcia's sixty-six month sentence is inappropriate in light of his character. *See id.* (affirming sentence as appropriate based on criminal history).

### *Order of Restitution*

[8] A restitution order is within the trial court's discretion, and we will reverse only on a showing of abuse of discretion. *J.H. v. State,* 950 N.E.2d 731, 734 (Ind. Ct. App. 2011). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Rose v. State,* 810 N.E.2d 361, 365 (Ind. 2004).

[9] The evidence of Bowman's loss was insufficient to support the trial court's order of restitution. A restitution order must be supported by sufficient evidence of actual loss sustained by the victim of a crime. *Rich v. State*, 890 N.E.2d 44, 49 (Ind. Ct. App. 2008), *trans. denied*. "Evidence supporting a restitution order is sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture." *J.H.*, 950 N.E.2d at 734.

[10] The trial court entered a restitution order in the amount of $3,600.00. The only support for the order came in the probable cause affidavit,[6] which states:

---

[6] The dissent claims Garcia did not "contest[] the accuracy of the probable cause affidavit," slip op. at ¶ 17, and "a probable cause affidavit whose authenticity and accuracy have not been questioned . . . may be considered by the trial court in ordering restitution." *Id*. at ¶ 21. However, during the sentencing hearing, Garcia's counsel objected twice to the inclusion of the probable cause affidavit in the pre-sentencing report.

> Paul Bowman related the following: On December 27, 2012, in the late morning hours at the location of 1855 US 41 in Schererville, he responded to an advertisement on Craigslist to buy in one lot 200 Morgan dollars at $22 each coin (cash only) by meeting the seller at McDonalds. Upon arrival, he met an unknown male subject who gave him what purported to be 180 Morgan dollars. In return, he handed this subject $3,600 in cash.

(App. at 11-12.) As we have previously explained: "The statement of facts presented in a probable cause of arrest affidavit pose a risk of unreliability that the hearsay rule is designed to protect against." *Tate v. State*, 835 N.E.2d 499, 509 (Ind. Ct. App. 2005), *trans. denied*. Thus, we decline to accept that document as a valid basis for upholding the order herein. The State offered no other proof of the amount of Bowman's loss, Bowman was not present at the sentencing hearing, and no additional evidence or testimony concerning this estimate was presented.

[11] In *J.H.*, we reasoned that estimates with no additional evidence were mere speculation or conjecture. 950 N.E.2d at 734. Sixteen-year-old J.H. attempted to enter a neighbor's home without the neighbor's permission and damaged a rear door of the neighbor's residence. Before the initial hearing and dispositional hearing, the victim gave the prosecutor two estimates of repair costs. No copies were provided to the defense or the court, and no additional evidence was offered in support of the estimate. The trial court ordered J.H. to

---

(Tr. at 25 ("The defense would object to the inclusion of the probable cause affidavits.") and Tr. at 29 ("The only other thing we object to is the probable cause affidavit.").)

pay restitution in the amount of $1,117.65. We held: "Absent any evidence to the contrary, we can only come to the conclusion that valuation was based on mere speculation and conjecture." *Id*.

[12] The State bore the burden of establishing the restitution amount. *Id.* The State could have met that burden by obtaining an affidavit from Bowman, the victim. Here, the State did not establish the validity of the probable cause affidavit but instead, asked the court to enter a restitution order in the amount reflected in the probable cause affidavit. More was required. Accordingly, the trial court abused its discretion in entering the restitution order. *See id*.

[13] Be that as it may, our Indiana Supreme Court has held that when the record contains insufficient evidence to support an order of restitution, the case may be remanded for the trial court to hold another hearing. *Iltzsch v. State,* 981 N.E.2d 55, 57 (Ind. 2013). Thus, we remand this case to the trial court with instructions to conduct a new restitution hearing at which both the State and Garcia may present additional evidence bearing on the restitution due to Bowman. *See id*.

## Conclusion

[14] We affirm the length of Garcia's sentence, but we reverse the order of restitution and remand for a new restitution hearing.

[15] Affirmed in part; reversed and remanded in part.

Crone, J., concurs. Bradford, J., concurs in part and dissents in part with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John Paul Garcia,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | Court of Appeals Case No.<br>45A03-1503-CR-86 |

**Bradford, Judge, concurring in part and dissenting in part.**

[16] I fully concur with the majority that Garcia's sixty-six month sentence is not inappropriate, but because I believe that the State presented evidence sufficient to support an order of restitution, I respectfully dissent in part. Under the circumstances of this case, where the amount of restitution is not disputed and was reported in documents of sufficient reliability that were made part of the record, I would affirm the trial court's order of restitution.

[17] Garcia contends that the trial court's order that he pay restitution to Bowman of $3600.00 is not supported by the evidence. It is undisputed that the only basis on which the trial court could have ordered restitution is the probable cause affidavit for Garcia's arrest in this case, which was attached to Garcia's presentence investigation report. Without contesting the accuracy of the probable cause affidavit or the amount of Bowman's loss, Garcia made the bald assertion at sentencing, and now on appeal, that the affidavit is insufficient to

support a restitution order. The State counters that it was appropriate for the trial court to rely on the probable cause affidavit. I agree with the State.

[18] Indiana Rule of Evidence 101(d)(2) specifically provides that the Rules of Evidence do not apply in sentencing hearings. We have made the following observations about sentencing in general, of which the consideration of restitution is a part:

> In determining an appropriate sentence, all circumstances of the particular crime and the background of the individual offender should be considered. *United States v. Harris* (7th Cir. 1977), 558 F.2d 366, 372. "Strict rules of evidence do not apply in sentencing hearings, and hearsay evidence … is admissible." *Lasley v. State* (1987), Ind., 510 N.E.2d 1340, 1342. The rationale for the relaxation of evidentiary rules at sentencing is that in a trial the issue is whether a defendant is guilty of having engaged in certain criminal conduct. Rules of evidence narrowly confine the trial contest to evidence that is strictly relevant to the crime charged. At sentencing, however, the evidence is not confined to the narrow issue of guilt. The task is to determine the type and extent of punishment. This individualized sentencing process requires possession of the fullest information possible concerning the defendant's life and characteristics. *Williams v. New York* (1949), 337 U.S. 241, 69 S. Ct. 1079, 93 L. Ed. 1337.

*Thomas v. State*, 562 N.E.2d 43, 47-48 (Ind. Ct. App. 1990).

[19] As for restitution in particular, Indiana Code section 35-50-5-3 governs restitution orders and provides, in part, that

> in addition to any sentence imposed under this article for a felony or misdemeanor, the court may, as a condition of probation or without placing the person on probation, order the person to make restitution to the victim of the crime, the victim's estate, or the family of a victim who is deceased. The court shall base its restitution order upon a consideration of:

> (1) property damages of the victim incurred as a result of the
> crime, based on the actual cost of repair (or replacement if
> repair is inappropriate)[.]

[20] The amount of proof necessary to support a restitution order varies from case to case. For instance, when establishing the damage to property or value of property stolen, a higher level of proof might be required than has been produced in this case. But in this matter, the victim's loss was the United States currency paid for the fake coins, an easily definable loss not subject to a valuation attack.

[21] Although the restitution statute is silent on the types of material open to consideration, it certainly does *not* limit it to evidence that would be admissible in a trial used to determine guilt or innocence. We have held that "[e]vidence supporting a restitution order is sufficient 'if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture.'" *S.G. v. State*, 956 N.E.2d 668, 683 (Ind. Ct. App. 2011) (quoting *T.C. v. State*, 839 N.E.2d 1222, 1227 (Ind. Ct. App. 2005)), *trans. denied*. Setting Garcia's restitution to Bowman based on a specific amount included in the probable cause affidavit, which amount was told to the affiant, is not resorting to speculation or conjecture. I would hold that under the circumstances of this case, a probable cause affidavit whose authenticity and accuracy have not been

questioned, much less shown to be suspect,[7] may be considered by the trial court in ordering restitution.

[22] I am also concerned about the public policy of requiring the sorts of evidence Garcia seems to advocate, *i.e.*, requiring the victim to appear at sentencing or file an affidavit of loss in potentially every restitution case would be an unacceptable burden on crime victims, many of whom have already taken the time and trouble to appear at a trial and/or participate in a police investigation. Depending on the circumstances, appearing at a sentencing hearing may also be very traumatic for the victim. This strikes me as unnecessary and unwarranted re-victimization.

[23] Moreover, requiring what in many cases would be the collection and presentation of additional evidence is, in my view, an unacceptable burden on the Indiana criminal justice system. In 2014, 204,708 criminal cases were filed in Indiana, accounting for an unknown, greater number of total criminal charges,[8] many of which could give rise to a restitution order. DIVISION OF STATE COURT ADMIN., SUPREME COURT OF IND., IND. JUDICIAL SERV. REPORT 71 (2015). Just as I am unwilling to further burden victims, I am

---

[7] Although generally prepared by police officers, there is absolutely no basis on which to conclude that probable cause affidavits are inherently suspect, despite some Indiana authority to that effect. Indeed, an affidavit intended to provide the probable cause to hold a person to answer for a crime must be submitted in writing or orally and—significantly and in contrast to, say, a police investigative report—under oath and penalty of perjury. *See* Ind. Code §§ 35-33-7-2; 35-33-5-2(c). Moreover, under Indiana and federal law, "a probable cause affidavit must include all material facts, which are those facts that 'cast doubt on the existence of probable cause.'" *Ware v. State*, 859 N.E.2d 708, 718 (Ind. Ct. App. 2007), *trans. denied*.

[8] For purposes of compiling statistics on court activity for the *Indiana Judicial Service Report*, "[i]f a defendant is charged with multiple offenses, the case is counted only one time under the most serious charge." DIVISION OF STATE COURT ADMIN., SUPREME COURT OF IND., IND. JUDICIAL SERV. REPORT 64 (2015).

unwilling to unnecessarily further burden Indiana's trial judges, prosecutors, defense attorneys, and court staff.

[24] Because I would affirm the trial court's restitution order, I respectfully dissent in part.