Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Dec 10 2014, 6:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHRIS M. TEAGLE**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFREY REEL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 05A02-1405-CR-337 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BLACKFORD SUPERIOR COURT
The Honorable J. Nicholas Barry, Judge
Cause No. 05D01-1308-FD-287

**December 10, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

### Case Summary

Jeffrey Reel appeals his three-year sentence for one count of Class D felony theft and the trial court's order directing him to pay $1,364.00 in restitution. We affirm in part, reverse in part, and remand.

### Issues

The restated issues before us are:

I. whether the trial court properly ordered Reel to pay $1,364.00 in restitution related to a count to which he did not plead guilty; and

II. whether Reel's sentence is inappropriate.

### Facts

On or about July 29, 2013, Reel broke into two different cars, one of which was owned by Jesse Jones and the other by John Norton, Sr. Reel stole a cell phone from Jones's car and a shirt from Norton's car. The State charged Reel with two counts of Class D felony theft and two counts of Class B misdemeanor unauthorized entry of a motor vehicle for these incidents. It also alleged that Reel was an habitual offender.

On February 25, 2014, Reel pled guilty to Count 1, theft, related to his theft of Jones's cell phone, with the State dismissing the remaining charges and habitual offender allegation. There is no written plea agreement in the record. At the change of plea hearing, the prosecutor stated, "Your Honor I would like to make note that, ah, restitution would be for Count 1 and 3 but he'd only pleading to Count 1." Tr. p. 5. Count 3 was the theft

2

charge alleging Reel had stolen Norton's shirt. The trial court then directly asked Reel, "And then restitution, whatever that amount may be, you are agreeing to . . . pay in Count 3 even though the State has agreed to dismiss it?" Id. at 5-6. Reel responded, "Yes sir." Id. at 6.

At the later sentencing hearing, the prosecutor stated, "I do have a restitution request from the victim of, ah, John Norton, Sr. That amount is $1,364.00." Id. at 21. There was no evidence as to how this amount was calculated, nor any evidence of a restitution request from Jones. Reel's attorney originally objected to this restitution amount because he thought it pertained to Jones, who by then was incarcerated, but withdrew the objection when it was clarified that the restitution was to be paid to Norton. The trial court then asked Reel's attorney if he wanted "to be heard on the restitution amount?" Id. at 22. Counsel responded, "No. I guess not." Id. The trial court then sentenced Reel to a term of three years executed and ordered him to pay $1,364.00 in restitution to Norton. Reel now appeals.

## Analysis

### I. Restitution

We first address Reel's claim that the restitution order is erroneous. A trial court may order a defendant convicted of a crime to make restitution to the crime victim. Smith v. State, 990 N.E.2d 517, 520 (Ind. Ct. App. 2013), trans. denied. A restitution award must reflect actual losses incurred by the victim for actions attributable to the defendant's charged crimes. Id. Where property loss or damage is concerned, restitution shall be based

3

upon consideration of "the actual cost of repair (or replacement if repair is inappropriate) . . . ." Ind. Code § 35-50-5-3(a)(1).

The amount of loss is a factual matter that must be determined by the presentation of evidence. Smith, 990 N.E.2d at 520. We will reverse a trial court's restitution order only for an abuse of discretion. Id. An abuse of discretion occurs if the trial court's order is clearly against the logic and effect of the circumstances before the court or the reasonable, probable, and actual inferences to be drawn therefrom. Id.

Reel first contends the trial court could not order him to pay restitution to Norton pursuant to Count 3 of the information, which was dismissed as part of the plea agreement. The general rule is that a trial court cannot order restitution for crimes to which a defendant has not pled guilty, has not been convicted, or did not agree to repay as restitution. Polen v. State, 578 N.E.2d 755, 756-57 (Ind. Ct. App. 1991), trans. denied. A defendant may expressly agree to pay a restitution amount exceeding the amount related to a crime to which he or she has pled guilty. See Kinkead v. State, 791 N.E.2d 243, 246 (Ind. Ct. App. 2003), trans. denied; see also In re Flatt-Moore, 959 N.E.2d 241, 244-45 (Ind. 2012) (holding that a defendant may consent in a plea agreement to pay restitution in excess of that provided by statute, but that it is unethical for a prosecutor to allow crime victim complete control of plea negotiations with respect to restitution amount).

Here, there is no written plea agreement in the record. However, at the change of plea hearing the prosecutor stated that part of the plea bargain included Reel's agreement to pay restitution under both Counts 1 and 3, despite Count 3 being dismissed. The trial court then expressly and clearly asked Reel personally, and not through counsel, whether

4

he was agreeing to pay restitution under Count 3 even though it was being dismissed. Reel responded, "Yes sir." Tr. p. 6. We conclude that Reel's express agreement to pay restitution for his charged crime under Count 3, despite it being dismissed, allowed the trial court to order restitution related to that count.

Reel also challenges the amount of the restitution award, noting there was no submitted evidence that Norton suffered a loss of $1,364.00.[1] The State responds that Reel waived his ability to challenge the restitution amount by failing to make any challenge to the prosecutor's statement that Norton had requested restitution in that amount and failing to present any evidence on the point.

This court and our supreme court addressed a similar issue in Iltzsch v. State, 972 N.E.2d 409 (Ind. Ct. App. 2012), summarily aff'd in part and vacated in part, 981 N.E.2d 55 (Ind. 2013). There, the defendant was ordered to pay restitution of $711.95 in property loss and damages based solely on a victim impact statement included in a presentence investigation report. The defendant objected to paying any restitution because he was maintaining his innocence, but otherwise did not object to the amount of restitution. On appeal, the defendant challenged the amount of restitution. We held that the defendant had not waived that argument, despite his failure to make any challenge to the amount of restitution before the trial court. Iltzsch, 972 N.E.2d at 412. We further concluded that the victim impact statement in the presentence investigation report by itself was insufficient to support the restitution amount because it was based on unsworn assertions, without any

---

[1] Again, we note that this restitution award related solely to Reel's alleged theft of Norton's shirt.

5

supporting documentation or testimony, and without any explanation of how the property damage occurred or how the valuations were arrived at. Id. at 413-14. We reversed the restitution award and held the State was not entitled to another hearing to present additional evidence on restitution. Id. at 415.

Our supreme court granted transfer. It summarily affirmed our holdings that the defendant had not waived his challenge to the sufficiency of the evidence supporting restitution and that there was in fact insufficient evidence to support it. Iltzsch, 981 N.E.2d at 56-57. However, it disagreed with our holding that the State was precluded from presenting additional evidence on restitution. Id. Instead, it remanded the case to the trial court "with instructions to conduct a new restitution hearing at which the State will be permitted to present, and Iltzsch will be allowed to confront, any additional evidence supporting the victim's property loss." Id. at 57.

Here, as in Iltzsch, Reel is not precluded on appeal from challenging the amount of the restitution award, despite his failure to challenge the amount before the trial court. Also, there clearly is insufficient evidence to support restitution in the amount of $1,364.00. Indeed, there is even less evidence than was present in Iltzsch. Instead of a formal victim impact statement that at least gave some explanation of the requested restitution amount, there simply was a statement by the prosecutor that Norton had requested $1,364.00 in restitution, with no explanation of how that amount related to Reel's theft of Norton's shirt. Pursuant to both Iltzsch opinions, we reverse the restitution award and remand to give the State an opportunity for a new hearing to address the amount of restitution, which must be supported by admissible evidence from the State that is subject to confrontation by Reel.

6

## II. Sentence

Reel also contends that his three-year sentence is inappropriate under Indiana Appellate Rule 7(B) in light of his character and the nature of the offense. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." Id.

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. Id. at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

Regarding the nature of the offense, Reel broke into Jones's car and stole Jones's cell phone. We would agree there is nothing especially heinous about this offense.

7

However, Reel's character warrants imposition of the maximum sentence for a Class D felony. Reel turned eighteen in 2001. Since that time, he has accumulated convictions for Class C felony carrying a handgun without a license, Class C felony robbery, Class D felony escape, Class C felony possession of methamphetamine, and Class C misdemeanor illegal possession of an alcoholic beverage. Reel was on probation for the methamphetamine conviction at the time of this offense. He also has a child for whom he has been ordered to pay support, but he does not pay any support and was making no effort to find employment at the time of this offense. In sum, Reel has displayed repeated disregard of the law and his multiple previous stints of incarceration did nothing to dissuade him from committing the current offense. At some point, despite the apparently minor nature of a crime, there is nothing inappropriate in imposing the maximum penalty upon a person who has proven to be unable to obey the law for any significant period of time.

Additionally, although Reel notes that he pled guilty, we do not believe that it warrants a lesser sentence. In exchange for Reel's guilty plea, the State agreed to dismiss three other pending charges, as well as an habitual offender allegation. When a defendant significantly benefits from a plea agreement, there is no requirement that it be considered a positive reflection on character for sentencing purposes. See Page v. State, 878 N.E.2d 404, 409 (Ind. Ct. App. 2007), trans. denied. Such is the case here. Reel's sentence is not inappropriate.

**Conclusion**

The restitution order of $1,364.00 is not supported by the evidence. We reverse that order and remand for further proceedings consistent with this opinion. We find Reel's sentence of three years not to be inappropriate and affirm it.

Affirmed in part, reversed in part, and remanded.

BRADFORD, J., and BROWN, J., concur.

9